**TALAMANTES v. FLORES. (No. 7663.)\***

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1926. Rehearing Denied Feb. 2, 1927.)

**1. Homestead ⬅═18—Bachelor living with sister and niece on sister's land, not improving, using, or intending to live on his, cannot claim homestead exemption as "head of family."**

Where unmarried brother lived with niece and sister on latter's premises, which adjoined his own, had never improved his land, except to plow portion, and never expressed intention of making his home thereon, he is not head of family in sense contemplated by homestead laws, so as to exempt him from forced sale of his land for payment of debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

**2. Appeal and error ⬅═931 (3)—Finding from conflicting evidence is presumed in support of judgment on review.**

Finding from evidence which is not clear or one-sided will be presumed in support of judgment by reviewing court.

**3. Appeal and error ⬅═931 (1) — Reviewing court is bound to support judgment appealed from by stating case most favorably to appellee.**

Reviewing court must state case made by testimony in terms most favorable to appellee, being bound to do so in support of judgment appealed from.

**4. Appeal and error ⬅═1011 (1)—Findings by trial court on conflicting evidence are conclusive on review.**

Issues arising from conflict in evidence being resolved in favor of appellee by trial court, reviewing court is bound by those findings.

Appeal from District Court, Wilson County; Covey C. Thomas, Judge.

Trespass to try title by J. N. Flores against Guillermo Talamantes. From a judgment for plaintiff, defendant appeals. Affirmed.

L. B. Wiseman, of Floresville, and J. O. Wiseman, of Lavernia, for appellant.

S. B. Carr, of Floresville, for appellee.

SMITH, J. In the partition of an estate in the year 1916, Guillermo Talamantes, a single man, acquired title to 29 acres of land in Wilson county, and his sister, Lena Talamantes, a feme sole, acquired 27 acres. In the following year the two began keeping house together on the sister's land, which had a dwelling house and other improvements incident to a home thereon, and have made their home thereon ever since. In 1923 their brother, Valentine Talamantes, died, survived by a wife and a daughter, Carmalita, who was then two years old. Guillermo and Lena took Carmalita to live with them, and she has lived with them and they have supported and cared for her ever since. Before his death Valentine "gave" Carmalita to Lena, and the child's mother intrusts the care and custody of her daughter to Lena; she would not be willing to surrender that responsibility to Guillermo alone. There is evidence sufficient to support the judgment appealed from that the family derives its principal support and maintenance from Lena's land, on which the three make their home. On the other hand, it appears that there is no dwelling, nor other improvement of any character, upon Guillermo's land, and never has been. He has never lived upon it nor used it for any purpose except sporadically to plow, and possibly cultivate, a small portion of it. He has never shown or expressed any intention of making his home upon the premises.

In 1924 a creditor obtained a judgment against Guillermo, and under a writ of execution based upon that judgment Guillermo's land was levied upon and sold to satisfy that judgment. At the sheriff's sale J. N. Flores purchased the land and subsequently brought this suit against Guillermo in the form of trespass to try title, and obtained judgment for the title and possession of the land. Guillermo Talamantes brings this appeal from that judgment. The only contention presented in the appeal is that appellant, though a single man, was the head of a family and as such was entitled to have his land exempted as his homestead.

[1, 2] We think the case may be decided upon the foregoing statement of the case. Guillermo, his sister, Lena, and their niece, Carmalita, constitute the so-called family. The three reside together, obtain their sustenance, live their apparently drab and colorless lives, and have their being, in a dwelling

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 23, 1927.

and upon premises wholly owned by the sister. The evidence, while not clear or all one way, warrants a finding, which will be presumed in support of the judgment, that the sister and not the brother is the dominant head of the house; that she supports herself and largely supports her niece, and even contributes somewhat to the support of her brother; that neither of them is dependent upon the brother for support or care. In fact, she herself by reason of these very circumstances claims that she is the head of this family, and by reason thereof asserts that her premises on which that family resides constitute her homestead. Her claim, however, is not the subject of inquiry here. But we hold that under the facts stated there is nothing to support appellant's contention that he is the head of the family in the sense contemplated by the homestead laws. Going further, we affirm the implied finding of the trial court that appellant has not impressed his own premises with any of the characteristics or incidents of a homestead. He has never improved his premises in any way. He has never made such use of it as would indicate an intention to ultimately make his home upon it. He has never, so far as the record shows, expressed or in other manner indicated such intention.

[3, 4] We have stated the case made by the testimony most favorable to appellee, as we are bound to do in support of the judgment appealed from. If the evidence of the facts stated is controverted by appellant's testimony, as he contends, then there was a conflict in the evidence, and the issues arising from the conflict were resolved in favor of appellee by the trial court, whose findings thereon are conclusive.

The judgment is affirmed.